United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY LYNN MEANS,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>               Defendants. | NO. CV 09-0941 TEH<br><br><u>ORDER RE: SUMMARY JUDGMENT AND MOTION TO WITHDRAW</u> |

This matter came before the Court on June 20, 2011, on a motion for summary judgment filed by Defendant City and County of San Francisco (the "City" or "Defendant"). For the reasons set forth below, Defendant's motion is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Sherry Lynn Means ("Means" or "Plaintiff") alleges that while working as a certified nursing assistant at Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda"), operated by the City, she was subjected to a continuous pattern of unlawful harassment by her supervisors and coworkers in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a). Her other employment discrimination claims were dismissed by this Court on a motion for summary judgment dated September 17, 2010.

Means began working at Laguna Honda in April 2002. Means says that her supervisors and coworkers continuously referred to her as "itim pangit nasyr," which she says means "black and ugly" in Tagalog. Means recounted hearing this phrase from an employee named "Noda" and Charge Nurse Fely Dilag ("Dilag"). Hearing "that phrase so

1  much from men and women on just about every ward [she] went" prompted Means to take
2  Tagalog classes. Means Dep. 59:13-15, Aug. 9, 2010. Means soon discovered the phrase's
3  meaning. She confronted her co-workers in late 2003, at which point they "stopped after
4  [Means] started taking Tagalog," and began to "talk in a different dialect." *Id.* at 169:16-20.
5  Means was fired from Laguna Honda on September 17, 2008.

6      On May 11th, 2011, the City filed a motion for summary judgment on Means's
7  remaining two claims of racial harassment, arguing that they are time-barred. Means
8  opposes. On May 31, 2011, Means's counsel filed a motion to withdraw as Means's attorney
9  of record. These motions are now before the Court.

## LEGAL STANDARD

12      Summary judgment is appropriate when there is no genuine dispute as to material
13  facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
14  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby,*
15  *Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is
16  sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The
17  Court may not weigh the evidence and must view the evidence in the light most favorable to
18  the nonmoving party. *Id.* at 255. The Court's inquiry is "whether the evidence presents a
19  sufficient disagreement to require submission to a jury or whether it is so one-sided that one
20  party must prevail as a matter of law." *Id.* at 251-52.

21      A party seeking summary judgment bears the initial burden of informing the Court of
22  the basis for its motion, and of identifying those portions of the pleadings and discovery
23  responses that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*
24  *Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at
25  trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than
26  for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).
27  However, on an issue for which its opponents will have the burden of proof at trial, the
28  moving party can prevail merely by "pointing out ... that there is an absence of evidence to

1  support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its
2  initial burden, the opposing party must "set out specific facts showing a genuine issue for
3  trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256.

**DISCUSSION**

The City asks the Court to grant summary judgment on Means's remaining two claims: (1) harassment under Title VII, and (2) harassment under FEHA. The City argues that both claims are time-barred because she did not file timely administrative charges, a prerequisite to civil suit. Means disagrees and argues that the City's motion is barred by a "one motion rule."

**I.  Successive Motions**

Means argues that the City's motion for summary judgment is barred by a "one motion rule." She does not cite authority in support of this argument. "[D]istrict courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Furthermore, the denial of summary judgment "does not preclude a contrary later grant of summary judgment." *Id.*; *See also Dessar v. Bank of Am. Nat. Trust and Sav. Ass'n.*, 353 F.2d 468, 470 (9th Cir. 1965). As the City points out, allowing a party to file a second motion for summary judgment encourages the "just, speedy, and inexpensive" resolution of suits. *See Hoffman*, 593 F.3d at 911 (quoting Fed. R. Civ. P. 1). Means argues that the City is attempting to re-litigate its first motion for summary judgment, yet the City has raised novel issues not addressed in its original motion. Accordingly, the City is not barred from bringing a second motion for summary judgment.

**II.  Statute of Limitations**

To file a claim under Title VII, an aggrieved party must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful

3

employment practice. 42 U.S.C. § 2000e-5(e)(1). To file a claim under FEHA, a prospective plaintiff must file a charge with the Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful employment practice. Cal. Gov't Code § 12960. It is undisputed that Means filed her Title VII charge with the EEOC on November 24, 2008, and that she filed her charge with the DFEH on September 25, 2008. The issue before the Court is whether Means timely filed her Title VII and FEHA charges after she ceased hearing her co-workers refer to her as "itim pangit nasyr."

In her deposition testimony, Means stated that she began taking Tagalog language classes in order to discover the meaning of the phrase "itim pangit nasyr." In class, Means learned that the phrase meant "black and ugly." She confronted her co-workers at the end of 2003. In response, her co-workers began speaking in "a different dialect." Means Dep. 169: 19-20. As Means explains,

> [A] lot of the times I would come around, and they would be speaking in English, and they would turn straight into Tagalog, and once I started learning it they would still speak it, but they would speak the different dialects of their country which aren't taught over here.
> We only teach one Tagalog, and they were going into their different dialects, and I said I can't understand it, and I asked my teacher, and he said they are probably speaking a different dialect.

*Id.* at 171:6-15.

The City argues that this testimony proves that Means's co-workers stopped using the phrase "itim pangit nasyr" in late 2003 and that her 2008 administrative charges were not timely. Means disagrees with this interpretation of her deposition testimony. She contends that she never said that she did not understand the new Tagalog dialect. But she did. In her deposition, Means stated that when her co-workers used a different dialect she "[could not] understand it" and had to ask her teacher what they were saying. *Id.* at 171:13-14. Furthermore, Means's co-workers were "calling [her] black and ugly to [her] face," but "stopped after [Means] started taking Tagalog." *Id.* at 169: 16-18. Means has failed to raise any question of material fact as to when the harassment involving the phrase "itim pangit nasyr" ended. It ended in 2003, yet she filed administrative charges in 2008. Therefore it is

4

1 undisputed that the harassment she says she endured ended well before the deadline to file
2 administrative charges challenging this conduct. Means has offered the Court no authority
3 suggesting that her co-workers' use of a dialect she could not understand supports a claim of
4 harassment under Title VII or FEHA.

In its motion, the City addresses the fact that earlier in this litigation Means filed a declaration alleging that she was "[c]ontinuously referred to as being 'black and ugly' by [her] supervisors and non-Black co-workers." Means Decl. ¶ 5, ECF No. 42, Aug. 23, 2010. The Court agrees with the City that this declaration does not raise a triable question of fact as to when the alleged harassment ended.  Reading the declaration in the light most favorable to Means, it seems to suggest that she was continuously harassed during the "entire tenure of [her] employment." *Id.*  Yet a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1996) (citing *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Furthermore, "when the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen*, 7 F.3d at 138. Means's declaration is conclusory. It offers no specific facts showing that she was harassed beyond 2003. Accordingly, the City's motion for summary judgment is GRANTED.

### III. Motion to Withdraw

On May 31, 2011, Means's counsel filed a motion to withdraw as Means's attorney of record.  Because this order grants summary judgment on all remaining claims in this case, counsel's motion to withdraw is DENIED AS MOOT.

//
//
//
//
//

5

**CONCLUSION**

The City's motion for summary judgement is GRANTED. Her harassment claims under Title VII and FEHA are therefore DISMISSED. Counsel's motion to withdraw is DENIED AS MOOT.

**IT IS SO ORDERED.**

DATED: 6/28/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6